The judgment of tlie c.ourt was pronounced by
Rost, J.
This is a petitory action. There was judgment in favor of the plaintiffs for the land, and against them for the price paid by the defendants.. They appealed.
In July, J821, an act of sale was passed before Carlisle Pollock, notary public, in which Thpmas Spencer and Charles Lee, commercial partners, trading under the firm of Spencer Lee, are represented as having sold the land in controversy to John Brown Sf Co., for the consideration of $2000 paid in cash at the time of the sale. This act was signed by Lee, and by John Brown, for th,e firm of John Brown Sf Co., but was not signed by Spencer.
On the same day, and upon the same sheet of paper, another act was passed before the same notary, by John Brown Co., releasing the firm of Spencer Sf Lee from certain endorsements on notes therein specified, renouncing ajl recourse against them for the same, and consenting to hold the makers only accountable to them. The consideration of this release was $2000, the price paid by John Brown Sf Co. for the land. This deed does not contain the acceptance of Spencer 8f Lee.
In 1830, John Brown surrendered his property to his creditors, and did not ¡include the land acquired from Spencer Lee in his Schedule.
*533 In 1831, Thomas Spencer made also a cessio honorum. His supposed half interest in the land was sold at public auction by the syndic of his creditors, and adjudicated to Charles Lee.
The present suit is instituted by the heirs of Charles Lee against the heirs of John Brown, who claim the land in right of their deceased father. The ground upon which the action is based is, that the sale to Brown, not having been signed by Spencer, was incomplete, and, as such, not binding upon Lee or his heirs: one partner being without authority as such to alienate, to the prejudice of the other, real property owned by the firm. The plaintiffs rely in support of these grounds on the cases of Villere et al. v. Brognier, 3 M. R. 388 and 527; Casson v. Fulton, 5 M. R. 676. 3 M. R. 627. 1 N. S. 290. 3 L. R. 497. 3 R. R. 256.
Without expressing any opinion on the doctrine, that until all the parties contemplated to join in the execution of a contract affix their names to it, it cannot be enforced against any of them, it is sufficient to say, that we do not consider it applicable to the present case.
The rule that one partner cannot, without an express authorization, alienate to the prejudice of the other real property owned by the firm, was settled in cases where the party who had not signed the deed sought to recover the property alienated. In this case the claim is made by the. heirs of the party who sold the land; who received for the firm the entire consideration of the sale, and, as if to close all inquiry as to the reality of the contract, renounced the plea de non numerata pecunia. We consider that he was estopped by his recitals and ackowledgments in the deed, and that if his heirs were permitted to gainsay them, they would be enabled to commit a fraud.
Lee, having received the whole price, was bound, so far as it lay in his power, to perfect the title of Brown ; and when he acquired the title of Spencer at the syndic’s sale, that title inured to the benefit of his vendee. Stokes v. Shackleford, 12 L. R. 170. 1 Greenleaf, Evidence, § 22, 23, 24.
The counsel for the plaintiffs contends that the real contract entered into between Spencer Sf Lee and John Brown Sf Co. was not a sale of land, but consisted in Spencer Sf Lee’s giving to Brown Sf Co. the tract of land in controversy, for the purpose of obtaining from them a release or discharge from their endorsements on the notes described in the act of release. If it be so, this case is not to be distinguished from that of Thomas v. Scott, 3 R. R. 256, in which it was correctly held, that the aet of receiving the whole or a part of the proceeds of property by a partner, when it had been alienated by the other without authority, amounts to a ratification of the sale, and will preclude the partner thus situated from disturbing the purchaser.
It is urged that the release was not accepted; that it was given in favor of Spencer Sf Lee, and that as Spencer had not signed the act of sale, he was not discharged; that the transaction was incomplete in both ways and the act of release could not be more binding than the act of sale, both forming but one transaction between the same parties, for the same object and vitiated by the same defect, to wit, the want of consent and coQperation of Thomas Spencer.
The facts alleged do not show that Spencer Sf Lee did not have the benefit of the release, and, at this distance of time, we will presume that they had. If they paid the endorsements the plaintiffs should have shown it affirmatively. The release of a debt need not be accepted expressly by the debtor. The law presumes the acceptance, and it cannot be revoked by the creditor. L. C. 2197,
For the reasons assigned, it is ordered, that the judgment in this case be reversed, and that there be judgment in favor of the defendants, with costs in both courts.